UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

SHARON K. TREADWAY,

       Plaintiff,

v.                                       CIVIL ACTION NO. 5:23-cv-00754

DOUGLAS A. COLLINS
*Secretary, Department of Veterans Affairs,*

       Defendant.

## MEMORANDUM OPINION AND ORDER

Pending are Plaintiff Sharon K. Treadway's objections to the Proposed Findings and Recommendations ("PF&R") [ECF 55] entered by the Honorable Omar J. Aboulhosn, United States Magistrate Judge, on May 6, 2025. [ECF 57].

## I.

This matter was previously referred to Magistrate Judge Aboulhosn for submission of a PF&R. On May 6, 2025, Magistrate Judge Aboulhosn filed his PF&R, recommending that the Court grant Defendant Douglas A. Collins' Motion for Summary Judgment. [ECF 55]. Ms. Treadway timely objected to the PF&R on May 21, 2025. [ECF 57].

## II.

Under *Federal Rule of Civil Procedure* 72(b), "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). A district

judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly

objected to." *Id.* In particular, "a general objection ... is insufficient to avoid waiver." *Page v. Lee*,

337 F.3d 411, 416 n.3 (4th Cir. 2003) (noting also that "other circuits have held that the failure to

raise an objection sufficiently specific to focus the district court's attention on the factual and legal

issues that are truly in dispute waives any appellate review" (quotation marks omitted)). *See also*

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991); *Lockert v.*

*Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988). A court, therefore, need not conduct de novo

review when a party "makes general and conclusory objections that do not direct the Court to a

specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*,

687 F.2d 44, 47 (4th Cir. 1982).

### III.

The underlying claims arise from Ms. Treadway's non-selection for positions at the

Beckley Veterans Affairs Medical Center ("Beckley VAMC") in 2017 and 2020. She asserts

claims of reprisal and age discrimination under Title VII of the Civil Rights Act and the Age

Discrimination in Employment Act. A liberal construction of the Complaint also reveals

allegations of a hostile work environment. Ms. Treadway specifically alleges she was not selected

for the 2017 position due to providing a declaration statement in support of her co-worker's racial

discrimination claim against the Beckley VAMC in 2016. Following her non-selection for the 2017

position, she filed an Equal Employment Opportunity ("EEO") Complaint. Respecting the 2020

position, Ms. Treadway alleges she was not selected given that she (1) filed the EEO Complaint,

and (2) was at least seventeen years older than the chosen candidate, Michele Balboa. She thus

filed a second EEO Complaint following her non-selection for the 2020 position.

In her objections, Ms. Treadway largely reiterates allegations previously addressed in the PF&R. For instance, she reasserts the selection of Helen Treadway[1] for the 2017 position was improperly based on the pretext of veterans preference. [ECF 57–1 at 1; ECF 57-2 at 1-2, 4]. In other words, she contends Helen Treadway was chosen for the position under the pretext of veterans preference, when the preference did not apply to the position. She thus maintains the actual reason for her non-selection was her 2016 declaration statement in support of her co-worker. She appears to object to the Magistrate Judge's conclusion that she failed to demonstrate the requisite causal link between her 2016 declaration statement and her non-selection for the 2017 position. [ECF 57-2 at 2]. She maintains the selecting officials for the 2017 position were aware of her 2016 statement.

As the PF&R correctly observes, although undisputed there was an administrative error regarding the applicability of the veterans preference to the 2017 position, the record reflects Helen Treadway -- irrespective of such preference -- possessed the necessary supervisory experience for the position, while Ms. Treadway admittedly lacked this qualification. [ECF 55 at 20, 22]. Ms. Treadway has not adduced evidence suggesting otherwise. As thoroughly explained by the Magistrate Judge, even assuming Ms. Treadway's supervisors were aware of her 2016 statement at the time of her non-selection, and she is able to establish a prima facie case of reprisal discrimination, her claim yet fails inasmuch as it is undisputed Helen Treadway was more qualified for the position. Magistrate Judge Aboulhosn thus correctly concluded Ms. Treadway is unable to demonstrate "the use of the veterans preference was discrimination . . . and she cannot dispute [Mr.

---

[1] The Court notes that Helen Treadway, referenced herein, is a different individual than the Plaintiff, Ms. Sharon Treadway. The two are not related.

Collins] had a legitimate, nondiscriminatory reason for selecting Helen Treadway over [her]." [ECF 55 at 9]. Her objections do not undermine this conclusion.[2]

Ms. Treadway next challenges the PF&R's analysis of her hostile work environment claim, citing allegedly derogatory emails circulated by Ms. Balboa to coworkers as being "distressing, humiliating, and absolutely untrue." [ECF 57–3]. As correctly stated in the PF&R, these emails were not contemporaneous with the hiring decisions, were not received by Ms. Treadway, and were only discovered during subsequent administrative proceedings. [ECF 55 at 33]. The record therefore does not reflect conduct sufficiently severe or pervasive to support a hostile work environment claim, rendering her objection on this point meritless.

The remainder of Ms. Treadway's objections are either general disagreements with the PF&R or restatements of arguments previously raised and thoroughly addressed. These objections thus fail to identify any legal or factual error warranting rejection of the PF&R's conclusions.

**IV.**

Based on the foregoing discussion, the Court **OVERRULES** Ms. Treadway's objections **[ECF 57]**, **ADOPTS** the PF&R **[ECF 55]**, **GRANTS** Mr. Collins' Motion for Summary Judgment **[ECF 43]**, and **REMOVES** this matter from the docket.[3]

---

[2] Ms. Treadway's reprisal claim with respect to her non-selection for the 2020 position fails for similar reasons inasmuch as she failed to demonstrate she was more qualified for the position than Ms. Balboa.

[3] Also pending is Ms. Treadway's Motion to Amend Complaint [**ECF 56**], filed May 16, 2025, ten days after entry of the PF&R. Over the year and a half long duration of this case, Ms. Treadway has twice been granted leave to amend her complaint. On October 2, 2024, the operative Complaint was deemed filed, and the parties have since engaged in both written and deposition discovery, and dispositive motions practice tailored to the claims raised in the operative Complaint. The Magistrate Judge has since conducted a thorough merits analysis of these claims in his thirty-

The Clerk is directed to transmit a copy of this written opinion and order to counsel

of record and any unrepresented party.

ENTER:  July 14, 2025

Frank W. Volk
Chief United States District Judge

---

seven-page PF&R, recommending judgment in favor of Mr. Collins. Granting Ms. Treadway leave
to amend her Complaint at this stage in the litigation to add additional, unspecified claims would
undoubtedly prejudice Mr. Collins. Accordingly, the Motion to Amend [**ECF 56**] is **DENIED**. In
light of this ruling, Mr. Collins' Motion to Strike [**ECF 60**] Ms. Treadway's untimely reply to his
response in opposition to her Motion to Amend is **DENIED AS MOOT**.